UNITED STATES DISTRICT COURT
FOR THE STATE OF
MASSACHUSETTS

ERROL WALKER

    VS.
Attorney General, Ashcroft,
Sherrif McDonald, supt. Int. Byron
Dep.Supt.Hall, Fitzpatrick,Shepered,
Et.al


          My name is Errol Walker, The Plaintiff I'm currently in detention at the Franklyn County House Of Correction and Jail. I'm being held by the Immigration and Naturalization service, which is now under the guidance of The Department Of Homeland Security. I have in the past written to, and spoken to franklyn county officials pertaining to proper sustenance in accordance with my religious beliefs and faith. All attempts verbal written and otherwise have been ignored. This situation has left me with a serious problem concerning my nutrition. I believe my constitutional rights are being disregarded and violated, if for no other reason I find no other outlet to address my problem but through litigation. This civil rights action is being brought in recognition and opposition of these violations.

          The First Amendment to the Constitution protects the "free exercise" of religion, U.S Constitution. Amend 1.

The Supreme Court has held that "reasonable opportunities must be afforded to all prisoners to exercise the religious freedom guaranteed by the First and Fourteenth Amendments. To be protected by The Free Exercise Clause, beliefs must meet two requirements; they must be religious, and they must be sincerely held.

One court has held that a belief system is religious if it addresses" fundamental and ultimate questions," is "comprehensive in nature," and presents certain formal and external signs. see Africa v. Commonwealth of Pennsylvania, 662 F.2d 1025, 1032(3d Cir.1981), Dettmer v. Landon, 799 F.2d 929, 931-32 (4th Cir. 1986) (applying similar analysis), cert. Denied, 483 U.S. 1007(1987) Others have "jettisoned the objective, content-based approach... in favor of a more subjective definition of religion, which examines an individual's inward attitudes towards a particular belief system. See Patrick v. LeFevre, 745 F2d 153 157 (2d Cir.1984) The Court went on to quote the definition of religion by the philosopher William James "the feelings, acts, and experiences of individual men in their solitude, so far as they apprehend themselves to stand in relation to whatever they may consider the divine." For First Amendment purposes, courts have treated a variety of belief systems as religions, including RASTAFARI See Reed v. Faulkner, 842 F.2d 960, 961-62 (7th Cir. 1998); Overton v. Coughlin, 131 MISC. 2nd 295, 499 N.Y.S. 2d 860,863-64 (N.Y.Sup. 1986), Benjamin v. Coughlin, 905 F.2d 571, 573 n. 1(3d Cir. 1985) Wilson v. Schillinger, 761 F2d 921, 930 (3d Cir. 1985) Native

2

American Religions the Hebrew Isrealites Religion and many others, besides the more familiar Muslim, Jewish, Buddhist, and christian belief.

Under The Religious Restrictions and The Religious Freedom Restoration Act. An individual have an absolute right to adhere to the mandates cohesive to his or her faith and participate in activities in coalition with that belief, included are Rituals, Services, Practices and Sustenance required for their up keep of that particular faith. The courts have determined group worship services are " essential parts of the right to the free exercise. Inmates... have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion McElyea v.. Babbitt, 833 F.2d 196, 198 (9th Cir. 1987)

accord , Bass v. Coughlin, 976 F2d 98, 99 (2d Cir. 1992)( Per Curiam) Muhammed v. McMickens, 708 F. Supp. 607, 608, 610 (S.D.N.Y. 1989)(evidence that Halal Food was not actually prepared in a manner consistent with the dictates of the plaintiff's religion established issues of fact precluding summary judgement); Ross v. coughlin, 669 f. supp. 1235, 1241-42(S.D.N.Y. 1987)

Failure to provide Kosher food prepared according to the laws of Kashrut stated a Constitutional claim. Many courts have required prison officials to provide diets required by prisoners religion's. The religious Freedom Restoration Act, should be acknowledged. Prison Failure to

3

accommodate religious dietary rules generally stems from concerns for money or administrative convenience rather than with security thereby rendering them vulnerable to suits in violation of inmates Constitutional rights.

In Eighth Amendment condition cases, The plaintiff must prove that the defendants acted with "deliberate indifference" The Supreme Court later extended it to all conditions of confinement, in Wilson v. Seiter, 501 U.S. 294, 303, 111 S. ct.2321, 2326-27 (1991). Deliberate indifference falls somewhere between mere negligence (carelessness) and actual malice (intent to cause harm). The Supreme Court has recently held in Farmer v. Brennen that in an Eighth Amendment complaint, a prison official can be found reckless or deliberately indifferent if" the official knows of and disregards a risk to an inmate's health, safety and, or ,abuse of his or her rights".

The subjective component in most deliberate indifference cases especially individual damage cases, the plaintiff must try to identify exactly who was deliberately indifferent.

A defendants religious rights is one of the most important aspects of successful Civil Right litigation Rivas v. Freeman, 940 F.2d 1491, 195-96 (11th Cir. 1991) In some cases, a claim may be against staff who do not do their jobs. In others, it may be against supervisors, for knowing acquiescence in the

4

unconditional behavior of..... subordinates,....
persistently violat[ing] a statutory duty to inquire about
such behavior and to be responsible for preventing it, ...
failure to train or supervise .... or an official
acquiescence in the continued existence of prison policy and
conditions which themselves are so injurious to prisoners
that they amount to a constitutional violation. In pleading
an Eighth Amendment claim, complaint with respect to srious
needs amount to deliberate indifference

Sometimes before a suit can be brought to bare the
courts ask that administrative remedies be first exhausted.
When challenging prison conditions or practices that affects
the factors of confinement a plaintiff need not exhaust
state administrative remedies .Monroe v. Pape, 365 U.S. 167, 183,
81 S.ct73 (1985) Exhaustion of remedies is not to be confused
with the rule that in certain situations, due process is
satisfied by the existance of past deprivation remedies.

The United States Attorney General is required to
set minimum standards for prison grievance procedures Felder
v. Casey,487 U.S. 131, 157-53, 108 S.CT. 2307 (1988, Brown v. United
States, 72 F.2d 1498, 1500 n.1, 1506-08 (D.C Cir.1984) Patsy v. Board Of
Regents Of The State Of Florida, 57 U.S 496, 102 S.CT. 2557 (1982).
THIS RULE APPLIES IN State Court statute 1983 actions as
well as Federal Court suits. Earle v. Gunnell 78 M.d. App. 648,554
A.2d 1256, 1261 (CtApp 1989) A new Supreme Court decision has
suggested that prisoners may be required to go through

5

existing prison procedures before asking the Court for an injunction protecting their rights. <u>Farmer v. Brennan. U.S. ,114 S.Ct 1970 (1994)</u> The court did not state this holding as a general requirement of exhaustion of administrative remedies. A grievance procedure is supposed to meet certain statutory requirements. Prisoners must have an advisory rule in formulating and operating it. There must be a fixed time limit and an expedited procedure for emergencies. The plaintiff have in the past written to all of the parties named above in an effort to make his needs known. He is left to use any and all avenues to resolve this unfortunate problem.

    The Due Process Clause prohibit prison officials from depriving a prisoner his rights without due process of law. There are two kinds of due process issues: Procedural and Substantive. Procedural due process means the Procedures that the Constitution requires before institutions can deprive a inmate his rights. The Plaintiff was not afforded due process in recognition of his needs which in turn reveals abuse of his rights. As the determination to deny the plaintiff sustenance in accordance to his religious belief violates his Constitutional and religious rights.

854, 866-67 (D.D.C 1989); also <u>Balla V. Board of correction</u>, 656 F. supp. 1108, 1118-19 (D. Idaho 1987). Prison officials cannot escape their responsibilities of maintaining sanitation by blaming the prisoners either for causing unsanitary conditions or failing to clean them up. Prison officials can use inmate workers who consentually agree to keep the prison clean, but it is still their responsibility to provide adequate supplies, maintain fixtures and equipment and organize cleaning activities. <u>See Hoptowit V. Spellman, 753 Fzd at 784; Johnson V. Pelker, 891 Fzd 136, 139 (7th Cir. 1989)</u>. Courts have also required prison officials to provide water for washing, clean clothing and bedding, and toilet articles such as: soap, toilet tissue, toothbrush and toothpaste on a just need, or as needed basis. <u>See Carver V. Bunch, 946 Fzd 451, 452 (6th Cir. 1991)</u>. (Denial of these personal items stated constitutes an Eighth Amendment claim). <u>Chandler V. Baird, 926 Fzd 1057, 1063-65 (11th Cir. 1991)</u>. Confinement without toilet paper, soap and toothpaste, supported an Eighth Amendment claim, <u>maslone V. Colyer, 710 Fzd 258 262, (6th Cir. 1983)</u> (Deprivation of toilet articles states a claim) <u>Kimborough V. Oniel, 523 Fzd 1057, 1059 (7th Cir. 1973)</u> (deprivation of soap and toilet paper on a needed basis was unconstitutional). Deliberate denial of toilet paper and soap for any extended period would violate the Eighth Amendments. <u>See Carver .- Knox County, Tenn, 753 F. Supp. At</u>

1389. Failure to provide soap, razors, combs, toothpaste, toilet paper, access to mirror, and sanitary napkins violated the constitution. See Bird V. Figel, 725 F. supp. 406 (N.D Ind. 1986); Dawson V. Kendrick, 527 F. supp. At 1288; Heitman V. Gabriel, 524 F. supp. 622, 628 (W.O.M.O 1981) INS or DHS detainees should be detained at Federal standards applicable by Federal law. INS or DHS detainees should by law, not be housed with State prisoners; Immigration detention is a civil matter, not criminal, therefore rendering the detainees as civil detainees.

The Supreme Court has stated that deliberate indifference to serious needs of prisoners constitutes the unnecessary and wanton infliction of pain… proscribe by the eighth Amendment. Several courts have held that "repeated examples of negligent acts which disclose a pattern of conduct by the prison staff add up to deliberate indifference (DI) can be shown in various ways." Sometimes it is demonstrated by acts or statements by prison personnel directly showing an indifferent or hostile attitude towards a prisoners' needs. Most often, courts focus on facts that show that professional judgment was either not exercised or was not followed after it was exercised. In those fact situations, good intention by officials may not be a defense as stated by the courts. (DI) can be proved by showing a

prison officials' mental state, but (DI) is also a standard for measuring the adequacy of prison officials responses to the known needs of inmates and their system for allowing inmates to make their needs known.

1) The Franklin County House of Correction is over a hundred years old. The structure and its composition are unstable.

2) The pipes carrying water to various locations constantly leak.

3) Sewage and various waste on many occasions has ruptured, exposing the inmates to contaminating agents, which are or can be hazardous to one's health.

4) One man cells are converted into two-man cells without the dimension being adjusted to house such.

5) We the inmates are continuously exposed to fiberglass and exposed pipes, which constantly drips water making the walking area slippery and unsafe.

6) We are subject to oversize beds, which allows limited movements within the cells and make coming in and out a hazard.

7) There is no safe access to mount and dismount these oversized modified beds rendering them a hazard to any reasonable mind.

8) The lights at the (F.C.H.C) are turned off at 12:00 am every night. The electricity that powers these lights is

shut off. Without a ladder or any built in apparatus coupled with the fact that there is no light makes it even more hazardous for the inmate to get down to use the toilet should it become necessary.

9) There are no cameras monitoring the movements of the inmates. Should anyone get hurt, staff would not be aware unless someone makes it known.

10) The windows are screen-less; there are mosquitos and virus causing vermin flying around.

11) We are exposed to substandard ventilation, which cause headaches, nausea, hypertension, and shortness of breath.

12) We are exposed to inadequate exits should there be a fire and no fire detectors to warn us.

13) We are asked to pay for toilet paper, which violates our Eighth Amendment rights.

14) We are being provided with 1.5 oz tubes of toothpaste and a 2.0 oz bar of soap to last us a month.

15) There are no provisions made for individuals who for religious reasons don't eat meat, violating their constitutional rights to proper sustenance approved by their beliefs. (Common fare or faith)

16) We are subjected to disrespect and constant harassment when we complain about issues concerning our well-being.

17) It is a complete mystery how a facility with so many defective, unsafe and such hazardous conditions pass inspection.

18) The library is ill equipped to research and conduct law litigation or rebuttals.

19) Inadequate fire exits as proscribed by law.

These conditions are blatantly obvious. If Mr. Byron, Mr. Fitzpatrick, Mr. Sheperd; fail to remedy these unlawful conditions that they know or should know about or if they otherwise fail to carry out their responsibilities to provide adequate care, City or County government may be held liable on a similar basis. The constitution requires prison and jail officials to provide reasonable safety. For prisoners they must protect them from assault by other inmates and from unreasonable hazardous living and working conditions and must refrain from subjecting them to the unnecessary and excessively hazardous conditions. Even if prison officials don't know about the risk to a particular prisoner they can be held liable for policies or conditions that are dangerous to all prisoners or to an identifiable group of prisoners or by systematic deficiencies in staffing facilities or procedures [that] make suffering inevitable.

For the reasons stated within this document I am litigating this lawsuit and asking 1.5 million dollars for the damages I have sustained while in the custody of the department of homeland security housed in The Franklin house of Corrections and Jail, through contract with The Immigration and Naturalization services.

3

NOTARY *Katina A Fortin*

KATINA A. FORTIN
Notary Public
Commonwealth of Massachusetts
My Commission Expires Apr 22, 2005

*Errol Walker*

1-10-05

1-3-05
*Errol Walker*

Errol Walker, plaintiff

160 Elm street

Greenfield, Ma 01301

7

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

**COMPLAINT FORM**

Errol Walker

---

**Full name(s) of Plaintiff(s)**
(Do not use et al.)

v.

Case No. _____
(To be supplied by the Court)

Att. Gen. John Ashcroft
Supt. Byron
Dep. Supt. Hall
Dept Supt Fitzpatric
Dep Supt. Shepared
D.H.S. I.N.S

**Full names of Defendant(s)**
(Do not use et al.)

### A. PARTIES

1. Errol Walker is a citizen of Jamaica who
   (Plaintiff)                    (State)
   presently resides at 160 Elm St. Greenfield MA 01301
   (mailing address or place of confinement)
   If plaintiff is incarcerated, provide inmate number: Incarcerated ale #

2. Defendant Listed above is a citizen of Mass.
   (name of first defendant)            (State)
   whose address is 160 Elm St. Greenfield MA 01301

3. Defendant __Same above__ is a citizen of __Same above__
   (name of second defendant)                (State)

whose address is __Same above__

(If more space is needed to furnish the above information for additional defendants, continue on a blank sheet which you should label "A. PARTIES." Be sure to include each defendant's identity and complete address.)

### B. JURISDICTION

4. The jurisdiction of this court is invoked pursuant to: (list statute(s))

_____

_____

### C. NATURE OF THE CASE

**BRIEFLY** state the background of your case.

Eighth and 4th amendement violation

Constitutional Rights violation.

See package enclosed

### D. CAUSE OF ACTION

I allege that the following of my constitutional rights, privileges, or immunities or my rights under a federal statute have been violated and that the following facts form the basis of my allegations: (If more space is needed to explain any allegation or to list

2

additional supporting facts, continue on a blank sheet which you should label "D. CAUSE OF ACTION.")

**Claim I:** Constitutional Rights violation see package enclosed Safety Violations

Supporting Facts: (Include all facts you consider important, including names of persons involved, places, and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

Poor living conditions, Inadequate living conditions

See package enclosed

**Claim II:** Constitutional Rights violation See package Enclosed

Supporting Facts:

See package enclosed

3

### E. REQUEST FOR RELIEF
5.     WHEREFORE, plaintiff demands: (state the relief you seek)

1.5 million for suffering and damages

See package enclosed

## F. JURY DEMAND

6. Do you wish to have a jury trial? Yes ✓  No ___

_____     _Errol Walker_____
Original signature of attorney (if any)     **Plaintiff's Original Signature**

Errol Walker
160 Elm St. Greenfield
Ma 01301
Attorney's full address and telephone

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at _Greenfield MA_ on _1/10/05_.
        (location)                               (date)

_Errol Walker_____
**Plaintiff's Original Signature**

5