UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Errol Walker<br><br>　　　　Plaintiff,<br><br>v.<br><br>Attorney General, John<br>Ashcroft, et al.<br><br>　　　　Defendants. | Civil Action No. 05-30015-MAP |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

The defendant, the Attorney General of the United States, submits this memorandum of law in support of his motion to dismiss the complaint for lack of subject matter jurisdiction.

### PROCEDURAL BACKGROUND

The plaintiff filed this lawsuit on January 19, 2005. Although the complaint was served on the Immigration and Naturalization Service on March 29, 2005, Docket No. 6, the complaint was not served on the United States Attorney's Office as required by Fed. R. Civ. P. 4(i). The United States Attorney's Office first became aware of the complaint on or about October 26, 2005, when it received a copy from the court clerk.

### STATEMENT OF FACTS

The plaintiff seeks damages for alleged violations of his constitutional rights while held in custody by the Immigration and Customs Enforcement Office of the Department of Homeland

Security ("ICE").[1] The plaintiff alleges that his conditions of confinement violate his First Amendment rights because he was not provided with a kosher diet. He also alleges a number of deficiencies in the conditions at the Franklin County House of Corrections, which he claims violate his Eighth Amendment.[2]

ARGUMENT

The court lacks subject matter jurisdiction because the United States has not waived its immunity from suits alleging constitutional torts. Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 475-78 (1994). Suits for damages based on constitutional violations stemming from federal action may be brought only under the doctrine of Bivens v. Six Unknown Agents of the FBI, 403 U.S. 388 (1971). However, a Bivens remedy is not available against a federal officer sued in his official capacity. Tapia-Tapia v. Potter, 322 F.3d 742, 746 (1st Cir. 2003). The plaintiff asserts his claim against the United States Attorney General in his official capacity. Therefore, the claim is not cognizable under Bivens. Id.

To the extent the plaintiff's claim is construed as alleging negligence, the Federal Tort Claims Act ("FTCA") provides the exclusive remedy. However, no lawsuit may be brought under the

---

[1] ICE, which now operates under the Department of Homeland Security, formerly was known as the Immigration and Naturalization Service, a division of the Department of Justice.

[2] Apparently the plaintiff is no longer held at the Franklin County House of Corrections. See Docket No. 8, Defendants' Motion for Summary Judgment.

FTCA unless the plaintiff has first filed an administrative claim. 28 U.S.C. § 2675. The plaintiff has not filed any administrative claim. See Ex. A, Declaration of Scott Whitted. Therefore, the court lacks jurisdiction under the FTCA.

## CONCLUSION

For the foregoing reasons, the United States Attorney General respectfully requests that the court dismiss the complaint.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: *Karen L. Goodwin*
Karen L. Goodwin
Assistant U.S. Attorney
1550 Main Street, Room #310
Springfield, MA 01103
413-785-0235
Bar No. 549398

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed this date, postage prepaid, to Errol Walker, Plymouth County Correctional Facility, 26 Long Pond Road, Plymouth, MA 02360.

*Karen L. Goodwin*
Karen L. Goodwin

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

ERROL WALKER

    Plaintiff,

    v.                                    Civil No. 05-30015-MAP

JOHN ASHCROFT, ET AL.

    Defendants

## DECLARATION OF SCOTT A. WHITTED

1. I am employed as an Associate Legal Advisor for the Department of Homeland Security, Immigration and Customs Enforcement (ICE), in South Burlington, Vermont. This office previously was known as the Eastern Regional Counsel's Office for the Immigration and Naturalization Service (INS).

2. One of my responsibilities with both the INS and ICE is to adjudicate administrative claims under the Federal Tort Claims Act, within a geographical area of responsibility that includes the eastern third of the United States, plus Puerto Rico and the U.S. Virgin Islands. This area includes the Commonwealth of Massachusetts.

3. We maintain a database of administrative tort claims in our geographical area of responsibility, dating back to 1986. I searched the database and found no records of any administrative claims by Errol Walker.

4. Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

END OF STATEMENT

2

Dated at South Burlington, Vermont this 4th day of November, 2005.

*[signature: Scott A. Whitted]*
Scott A. Whitted, Associate Legal Advisor
Department of Homeland Security
Immigration and Customs Enforcement
70 Kimball Ave.
South Burlington, Vermont 05403

2